Filed 7/9/14  In re Joseph M. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re JOSEPH M. et al., Persons Coming Under the Juvenile Court Law. | B252127 (Los Angeles County Super. Ct. No. CK98575) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH M., SR.,<br><br>Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Emma Castro, Commissioner.  Affirmed.

Karen J. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Minors Joseph (age 6), Andrew (age 5), Madilynn (age 3), and Autumn (age 21 months) were adjudged dependents of the juvenile court pursuant to Welfare and Institutions Code section 300, subdivision (b) (failure to protect).[1] Joseph M., Sr. (Father), appeals from the court's September 24, 2013 order denying him a contested hearing on the issue of visitation. M.M. (Mother) is not a party to this appeal.

We conclude the juvenile court did not deny Father due process by refusing him a contested hearing on the issue of visitation, as he had an adequate procedure available to him for protecting his interests, which the court brought to his attention. We affirm.

## BACKGROUND

The Department of Children and Family Services (DCFS) sought jurisdiction over the minors due to reports of domestic violence perpetrated by Father on Mother. At a jurisdictional hearing on March 26, 2013, Father submitted a signed waiver of his rights. Father pleaded no contest to an amended section 300 petition. After mediation, Father and Mother agreed the minors would be placed in the care of Mother, "family maintenance services" to be provided to Mother, and "family reunification services" to be provided to Father.

The juvenile court sustained the amended petition, declared the minors dependents of the court, placed the minors in the care of Mother, ordered DCFS to provide "Family Maintenance Services" to the "parents," ordered Father to attend a DCFS-approved 52-week domestic violence program, plus parenting classes, and ordered Father to have monitored visitation. Notwithstanding the plan agreed to by the parties after mediation, the court did not order that family reunification services be provided to Father.

By June 25, 2013, Father had reported to DCFS that he had almost completed his 52-week domestic violence program and had provided DCFS with a certificate indicating he had completed a parenting class. On that date the juvenile court held a progress hearing. It ordered DCFS to meet and confer with Father to work out a visitation

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

schedule. The court ordered DCFS to provide the "parents" with "Family Maintenance Services." It did not order "family reunification" services.

On September 24, 2013, DCFS reported that the previously assigned caseworker had been unable to arrange visits with Father, that a new caseworker recently had been assigned, that she had attempted to contact Father without success, and that DCFS had not had contact with him since the hearing on June 25, 2013. No visitation schedule had been set up for Father and Father had not seen the minors since they were detained. DCFS recommended continued supervision.

On September 24, 2013, the juvenile court held a hearing pursuant to section 364.[2] DCFS informed the court that transportation assistance had not been provided to Father because the previous caseworker was out on medical leave and the current caseworker just had been assigned on August 28, 2013. The court ordered DCFS to provide the transportation assistance that the court had ordered previously. Father stated he was concerned about his services, had tried to contact the caseworker several times, and wanted to cross-examine the caseworker. He requested a contested hearing on the issue of visitation and possibly on DCFS's failure to provide him with services. He argued that he had progressed far enough to receive unmonitored visitation.

The juvenile court denied Father's request for a contested hearing, but suggested Father file a section 388 petition.[3] The court stated that Father's section 388 petition would be "liberally construed and possibly set for hearing."

The juvenile court stated that because the minors had been released to Mother at the jurisdictional and dispositional hearing and Father had been offered "enhancement services" and not "family reunification services," he had "no right to contest this 364

---

[2] A section 364 hearing is a hearing in which the juvenile court determines whether continued supervision of the minors is necessary and where the court reviews DCFS's report describing the services offered to the family and the progress made by the family in eliminating the conditions or factors requiring court supervision.

[3] A section 388 petition permits the court to modify visitation and other orders on proof of change of circumstances, such as completion of court-ordered domestic violence and parenting programs.

hearing." The court observed that Father had not previously been granted a minimum number of visits and ordered him to have a minimum of two visits per week for up to two hours per visit. The court ordered DCFS to meet and confer with Father to ensure compliance with visitation orders and encouraged Father to contact the caseworker to work out visitation. The court determined that continued jurisdiction was necessary "because conditions continue to exist which justify the Court taking initial jurisdiction pursuant to [section] 300."

Father appealed.

## DISCUSSION

Father contends he was denied his right to due process when the juvenile court denied him a contested hearing, allowing him to present evidence and cross-examine witnesses. We disagree.

As the United States Supreme Court has recognized, the concept of due process cannot be defined with precision. (*Lassiter v. Department of Social Services* (1981) 452 U.S. 18, 24 [101 S.Ct. 2153].) It is clear, however, that a parent is entitled to due process in dependency proceedings. "'Since the interest of a parent in the companionship, care, custody, and management of his children is a compelling one, ranked among the most basic of civil rights [citations], the state, before depriving a parent of this interest, must afford him adequate notice and an opportunity to be heard. [Citations.]'" (*In re Kelvin M.* (1978) 77 Cal.App.3d 396, 402; *In re Jennifer O.* (2010) 184 Cal.App.4th 539, 545.)

Statutory procedures that are "carefully calculated to constrain judicial discretion, diminish the risk of erroneous findings . . . and otherwise protect the legitimate interests of the parents" protect a parent's due process rights. (*Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 256.) One of the procedures available in California dependency matters that is designed to protect a parent's due process rights is a petition filed under section 388. "A parent's ability to file a section 388 petition provides an 'escape mechanism' that lessens the risk of an erroneous deprivation of the parent-child relationship in the event of a legitimate change in circumstances. [Citation.]" (*In re Dakota M.* (2005) 132 Cal.App.4th 212, 224.)

4

Father was in a position to avail himself of a section 388 petition. The juvenile court suggested he file such a petition and stated such a petition would be "liberally construed and possibly set for hearing." Father's claim that he was deprived of due process was, at best, premature, as he was given the opportunity to utilize the juvenile court's "process" by means of a court procedure designed to address just the type of change of circumstances that Father had achieved: That is his completion of a parenting class and, presumably, completion of a domestic violence program as well. Filing a petition under section 388 might well have resulted in unmonitored visitation and improvement in services provided to Father, or, at least, the contested hearing Father wanted.

Moreover, in establishing a visitation schedule and ordering DCFS to meet and confer with Father to ensure compliance with its visitation orders, and in admonishing DCFS to provide Father with the transportation services it had ordered earlier, the juvenile court did everything in its power to assist Father short of initiating contempt proceedings against DCFS on its own motion.

Under these circumstances, Father has failed to establish that a section 388 petition was inadequate to protect his rights or that he was deprived of due process.

In light of the foregoing, we need not consider the parties' arguments concerning any distinction between a parent's due process rights when family maintenance or enhancement services are ordered, as opposed to family reunification services.

**DISPOSITION**

The juvenile court's September 24, 2013 order denying Joseph M., Sr., a contested hearing is affirmed.

NOT TO BE PUBLISHED.


MILLER, J.*

We concur:


ROTHSCHILD, Acting P. J.


CHANEY, J.

---

* Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.